CYRUS STILSON, administrator, in equity,

*vs.*

EBEN LEEMAN and others.

Somerset.    Opinion September 17, 1883.

*Costs in equity proceedings.*

In suits in equity the whole subject of costs rests in the sound discretion of the court.

The mere fact that two or more defendants plead severally does not entitle them to tax several costs, especially when they have one and the same solicitor; each case depends on its own facts.

Where a bill sought to charge certain real estate (the record title to which was in the defendant, M. L.) with a judgment against her husband (the defendant E. L.) in favor of the plaintiff's intestate, on the ground that it was purchased with the money of the husband and conveyed to the wife without consideration through a conspiracy between the husband and wife and their respective fathers (the defendants J. L. and B. L.); and that at all events, $200 or $300 of the husband's pension money had been expended in repairing the buildings; and one solicitor appeared for all the defendants at the suggestion of the defendant, E. L; *Held,* That each defendant may tax for an answer, but that only one bill for costs accruing after filing of the answers should be taxed.

A party is not entitled to costs before a judge at chambers on an interlocutory matter in which he did not prevail.

No costs are allowed to be taxed for filing interrogatories unless they are filed in the clerk's office.

Costs for depositions are not taxable when the depositions are not admissible.

Costs for travel and attendance are taxed as in actions at law.

ON EXCEPTIONS.

This was a proceeding in equity in which the defendants prevailed and taxed their several bills of costs as shown below. These bills were allowed by the clerk against the objections of the plaintiff who appealed to the court. The presiding justice confirmed the taxation by the clerk and to this ruling the plaintiff alleged exceptions.

(Costs of Eben Leeman.)

| | | |
|---|---|---|
| Drawing answer and filing, | 5 | 00 |
| August 19, trav. to Norridgewock .99 and hearing before Judge Danforth, $2 00, | 2 | 99 |
| 4 terms trav. Supreme Judicial Court, at .66 = 2.64, | 2 | 64 |
| 40 days attendance Supreme Judicial Court, at .33, | 13 | 20 |
| Law court trav. 2.64, att. 3.30, | 5 | 94 |
| Att'y fee fact, 2.50, att'y fee law, 2.50, | 5 | 00 |
| Drawing interrogatories, (2 set) | 2 | 00 |
| Deposition, Benj. Lane, | 8 | 60 |
| Deposition, Hollis H. Churchill, | 2 | 20 |
| Filing two papers, | | 10 |
| Notice of order, | | 50 |
| Taxation, | | 25 |

(Costs of Martha S. Leeman.)

| | | |
|---|---|---|
| Drawing answer and filing, | 5 | 00 |
| 4 terms travel 2.64, 40 days att. 13.20, | 15 | 84 |
| Att'y fee fact, 2.50, att'y fee law, 2.50, | 5 | 00 |
| Trav. and att. law court, | 5 | 94 |
| Drawing interrogatories, (2 set) | 2 | 00 |
| Deposition, Eben Leeman, | 4 | 30 |
| Deposition, John Leeman, | 4 | 30 |
| Taxation, | | 25 |

(Costs of John Leeman.)

| | | |
|---|---|---|
| Drawing and filing answer, | 5 | 00 |
| Trav. 4 terms, at .66 = 2.64, | 2 | 64 |
| Attendance, 4 terms, 40 days, at .33 = | 13 | 20 |
| Law court trav. 2.64, att. 3.30, | 5 | 94 |
| Att'y fee law, 2.50; att'y fee fact, 2.50, | 5 | 00 |
| Taxation, | | 25 |

(Costs of Benjamin Lane.)

| | | |
|---|---|---|
| Drawing and filing answer, | 5 | 00 |
| Trav. 4 terms, at .66 = | 2 | 64 |
| Att. 40 days at .33 | 13 | 20 |
| Law court trav. 2.64, att. 3.30, | 5 | 94 |
| Att. fee fact, 2.50, att. fee law, 2.50, | 5 | 00 |
| Taxation, | | 25 |
| Clerk's fee for hearing in costs, | 5 | 00 |

*John H. Webster*, for the plaintiff, cited : *Clark* v. *Reed*, ·11 Pick. 446 ; *Pratt* v. *Baron*, 11 Pick. 495 *; Platt* v. *Squire*, 5 Cush. 551 ; *Miller* v. *Lincoln*, 6 Gray, 556.

*A. G. Emery*, for the defendants.

As to the right of John Leeman and Benjamin Lane to costs, we cite *Linnell* v. *Lyford*, 72 Maine, 283, where the court say : "No one should be made a party against whom no decree, if brought to a hearing, could be had. The only result of making her a party would be to entitle her to a bill of costs." No decree could be operative against either Lane or Leeman, hence if they were made parties they should each have costs.

We cite for the consideration of the court, *O'Connell* v. *Bryant*, 126 Mass. 232 : "Two persons sued together in tort who sever in their answers although they appear by the same attorney are to be treated as separate parties and each of them, if he prevails, is entitled to separate costs." Also *George* v. *Reed*, 104 Mass. 366. "In an action of tort, changed on plaintiff's motion to a suit in equity upon the terms that he shall pay the defendant's taxable costs, each defendant is entitled to separate costs if they have answered severally, and it is immaterial that the action was brought originally in contract."

In this court in a recent case in Somerset county, (not yet reported,) *Susan Fletcher, Adm'x,* v. *Somerset Railroad et als.* the order is " bill dismissed with one bill of costs to respondents." Thus by implication admitting that the respondents would have been entitled to several costs had not the order limited it to one.

VIRGIN, J. In actions at law, costs and the recovery thereof, are regulated by express statutory provisions — the prevailing party being entitled thereto, when not otherwise specially provided, although he does not prevail to the full extent of his claim. R. S., c. 82, § 104, and cases in margin.

There is no statute regulating the recovery of costs in suits in equity. The whole subject rests by general practice in the sound discretion of the court. The court is authorized, at its

sound discretion, to award costs to either or neither party, as equity shall require on consideration of all the facts and circumstances of the case, and the condition and conduct of the parties. The very facts and circumstances which entitle a party to prevail, generally entitle him to costs also. But this rule is not universal; for a plaintiff may rightfully be entitled to, and obtain a decree affording him the relief sought, and yet not be entitled to costs; for the reason that the defendant was nowise in the wrong.

A prevailing party so much more frequently recovers costs than otherwise, that it has many times been said that the successful party is *prima·facie* entitled to costs, and will recover unless the other party shall " show circumstances in a sufficient degree to displace the *prima facie* claim for costs." *Stone* v. *Locke*, 48 Maine, 426, and cases there cited; 2 Dan. Ch. Pr. (5th ed.) c. xxxi, § 1, p. * 1376 *et seq.*

In actions of tort against a plurality of defendants, they are allowed to plead severally, and if they, or a part of them prevail, each of the prevailing parties is entitled to costs. But in equity, the mere fact that several prevailing defendants filed separate answers, does not entitle them to several costs, especially when they all have the same solicitor. Here the sound discretion of the court is called in, the decision of each case depending upon its peculiar facts and circumstances, the diversity being too great to render it practicable to lay down any general rule which shall govern in such cases. 1 Dan. Ch. Pr. (5th ed) * 730 – 1.

The bill aimed to charge certain real estate, the record title to which was in the defendant, Martha Leeman, with a judgment due from her husband, Eben Leeman, (another defendant) to the plaintiff's intestate, on the ground that it was purchased with the money of Eben and conveyed to Martha, without consideration, through a conspiracy between her husband and herself, and their respective fathers, the remaining defendants; and that at all events, some two or three hundred dollars of Eben's pension money had been expended in repairing the buildings.

Each one of the defendants filed a separate answer, and appeared by one and the same solicitor, who admits in his deposition that he received his instructions from Eben, the

judgment debtor. It also appears that no other defendant took any interest in taking the depositions. Under these circumstances each defendant may tax for an answer; but only one bill for costs subsequently accruing, to be taxed. Nothing should be taxed for the defendants for the hearing at Norridgewock, they not having prevailed. 2 Dan. Ch. Pr. (5th ed.) * 1379. Nothing for drawing interrogatories, as none were drawn and filed, which are those contemplated by the fee bill. Nothing for the depositions of the defendants; for they were not admissible in evidence. The remaining items of the bill of costs as taxed by the clerk for Eben Leeman, to be allowed. Now that all bills in equity are to be heard in the first instance, with one exception, by a single justice at a *nisi prius* term of court, or at chambers, the travel and attendance should be taxed as in actions at law, when the case is heard or made up at a regular term of court.

*Exceptions sustained. No costs to either party after the appeal.*

APPLETON, C. J., BARROWS, DANFORTH, LIBBEY and SYMONDS, JJ., concurred.